# SUPREME COURT.

## FRIEND PITTS, *et al* agt. MARY ANN PITTS, *et al.*

The statutory provisions on the subject of *dower*, confines the effect of adultery by
the wife, in barring her claim for dower, to cases in which such adultery is estab-
lished by a *judgment of the court.*

The effect of *condonation* restores the wife's right to *dower*, even if forfeited by the
adultery, and if such fact is found in the divorce suit, the previous adultery works
no forfeiture. (*Affirming S. C. at special term ante p.* 64.)

*New York General Term, January,* 1873.

THIS is an appeal from an order denying a motion to
vacate and set aside an order directing the payment of cer-
tain moneys paid into court being the value of the contin-
gent inchoate right of dower of one of the defendants in
this action which was brought for the partition of certain
real estate in New York city.

A *full* statement of the facts appear in the decision
rendered at special term, and reported in 44 *Howard; P. R.,*
p. 64.

GARDINER, WARD & WAGSTAFF, *for appellant.*

I. The right of the respondent, Rachel Ann Pitts, to the
moneys secured by this mortgage, was dependent on the
issue of the divorce suit. If by the issue of that action her
dower was barred, she had no claim to those moneys.

II. By the issue of the action for divorce the respondent
was barred of her dower.

(*a.*) § 48, *Article third; title* 1., *chap.* 8 *part* 2 of the
Revised Statutes reads thus: "A wife being a defendant in
a suit for a divorce brought by her husband, and *convicted*

*of adultery*, shall not be entitled to dower in her husband's real estate or any part thereof," &c.

The respondent is brought clearly within this provision. She has been convicted of adultery in a suit for divorce brought by her husband. The question arises on the meaning of the word convicted, though that seems plain.

1. Convict, *Latin convinco*. To overpower by proving a charge against me; to prove guilty (*Worcester's Dictionary*).

2. To prove or find guilty of an offence or crime charged, to pronounce guilty as by legal decision (*Webster's Dictionary*).

3. "But if the jury find him guilty he is then said to be convicted of the crime whereof he stands indicted, which conviction may accrue two ways—either by his confessing the offense and pleading guilty, or by his being found so by the *verdict* of his country" (*Blackstone's comm., Book* 4., 362).

4. A referee combines in his own person both judge and jury. His findings of fact stand for the verdict of a jury. Like the verdict of a jury they are conclusive in case of a conflict of evidence (*Hoogland* agt. *Wright*, 20 *How.*, 70).

5. The referee found the respondent guilty of an act of adultery. His report was confirmed, and judgment of this court entered upon it. This judgment practically says: The defendant is proved guilty of adultery, but a divorce is denied because the plaintiff has forgiven the offense by cohabitation.

6. It is objected that this is not a conviction because the judgment is for a dismisal of the complaint, and does not in terms recite that the defendant was guilty of adultery; but the verdict of a jury, or findings of fact by a referee on which a judgment is rendered, are necessarily parts of the judgment itself. They are the grounds on which the judgment necessarily proceeds, and like the judgment itself, may be pleaded as an estoppel in a second action between the

same parties (*Betts* agt. *Starr*, 2 *Coms.*, 550; *Edwards* agt. *Stewart*, 15 *Barb.*, 67).

III. That this is a case for which the statute is intended to provide, is evident from the course of legislation on the subject.

(*a.*) The *Statute Westm., Second*, 13 *Edw. 1, ch.* 34, provided that "if a wife willingly leave her husband and go away, and continue with her advouterer, she shall be barred forever of action to demand her dower that she ought to have of her husband's lands, if she be convicted thereupon, except that her husband willingly and without coercion of the church, reconcile her and suffer her to dwell with him, in which case she shall be restored to her action (2 *Inst.*, 433).

(*b.*) *Sec.* 7 *of Chap.* 4 *of the laws of* 1787, substantially, and almost *in hæc verba*, re-enacts this statute, and such the law remained until the revision of 1830.

(*c.*) In 1830 the revisers submitted to the legislature as *sec.* 8 *of Title* 3., *Chap.* 1, *Part* 2, the following:

"If a wife commit adultery, and the fact be established against her, either by a *decree dissolving* the marriage contract, or by proof in an action brought by her to recover her dower, she shall be barred forever of all claim and right to dower of her husband's lands; unless it be shown, that after knowledge of such adultery, her husband was reconciled to her, and that he permitted her thereafter to dwell with him, in which case she shall be restored to her right of dower" (5 *N. Y. Stat. at large, Edms.*, 335).

This section was struck out, and in its stead the legislature enacted these two sections, viz. § 8 *title* 3, *chap.* 1, *part* 2:

"In case of divorce dissolving the marriage contract for the misconduct of the wife she shall not be endowed." And also § 48, *article* 3, *title* 1, *chap.* 8, *part* 2.

"A wife, being a defendant in a suit for a divorce brought by her husband and convicted of adultery, shall not be

entitled to dower in her husband's real estate, or any part thereof," &c.

(d.) These alterations were made by the legislature, not in wantonness, but for a purpose which will be manifest on analizing the Statutes.

The Statues of Westminster and 1787 provided:

1. That elopement and adultery by the wife barred her dower.

2. That such adultery could be proved against her, like any other fact, in any action by her to recover her dower.

3. That reconciliation with the husband restored her dower.

The Revisers attempted to provide:

1. That adultery of the wife should bar her dower.

2. That a decree dissolving the marriage contract on the ground of her adultery should be proof sufficient of such adultery.

3. That in the absence of such decree such adultery might be proved against her in an action by her to recover her dower, like any other fact.

4. That reconciliation with the husband should restore her dower.

The legislature changed the old law, and refused to adopt the recommendation of the revisers, but provided:

1. That a decree dissolving the marriage contract for the *misconduct* of the wife should bar dower.

2. That if in a suit for divorce brought by the husband the wife was *convicted* (*i. e.*, proved guilty) of adultery, she should be barred of her dower.

They refused to provide as the old law had done, and as the revisers recommended:

1. That adultery of the wife could be proved by heirs or legatees, like any other fact in bar of her action for dower.

2. That a condonation of such adultery should rehabilitate her in her right to dower.

The construction of the statute contended for by the

defendant ·wife, and adopted by the learned judge below, would make both these provisions of the Revised Statutes mean the same thing, rendering one mere surplusage, and decide the legislature to have enacted precisely what the revisers recommended, although they manifestly intended no such thing.

(e.) Much light upon the proper interpretation of this statute is contained in *Reynolds* agt. *Reynolds,* 24 *Wend.,* 192.

IV. The order appealed from should be reversed, and an order entered vacating the order of September 4, 1872, and directing an assignment of the mortgage in question to John Pitts.

RICHD. L. H. FINCH, *for respondent.*

I. The appellants' moving papers clearly show that the respondent, Rachel Ann Pitts, wife of John Pitts, was legally entitled to the order of September 4, 1872, directing the payment of the $802 7-100 to her.

II. This sum of $802 7-100, paid into court under the decree of March 24, 1870, was the value of her then contingent inchoate right of dower in the real estate partitioned in this action, she having refused to execute a release. And upon the payment of this $802 7-100 into court by the execution of the bond and mortgage, bearing date July 8, 1870, this money became immediately vested in Rachel Ann Pitts the respondent (4 *R. S.,* Eds. ed., 511, 512; *Bartlett* agt. *Van Zandt,* 4 *Sandf., Ch.,* 396; *Gray* agt. *Cook,* 24 *How.,* 432).

(a) This sum of $802 7-100 was paid into court and secured by bond and mortgage for Rachel Ann Pitts' secucurity and investment, and remained in court subject to her application for the same.

This sum being her sole property, she was legally entitled to it whenever she applied to the court for it. And her hus--

band, John Pitts, the appellant, has no interest in or control over the same (*Benedict* agt. *Seymour*, 11 *How.*, 176 ; see p. 178).

III. There are but two grounds upon which the respondent, Rachel Ann Pitts' claim and right to this $802 7-100 can be defeated :

1st. By her voluntary release under her hand and seal.

2d. By the judgment or decree of the court, dissolving the bonds of matrimony, for misconduct—adultery.

(*a*) Neither of these exist. She never executed a release of dower, and the bonds of matrimony have never been dissolved. She is still the wife of John Pitts, the appellant.

IV. Dower cannot be forfeited except by the decree or judgment of the court adjudging a forfeiture (*Seribner on Dower*, vol. 2, p. 502, § 9 ; *Tyler on Infancy and Coverture*, pp. 578-9, § 414 ; *Reynolds* agt. *Reynolds*, 24 *Wend.*, 192 ; *Coper* agt. *Whitney*, 3 *Hill*, 99 ; *Wait* agt. *Wait*, 4 *N. Y.*, 95 ; *Forrest* agt. *Forrest*, 3 *Abb.*, 165).

V. John Pitts. the appellant, is estopped from setting up the alleged adultery by reason of his voluntary cohabitation with his wife.

Condonation wipes out adultery, and restores the offending party to her original status, and prevents the granting of a decree or judgment upon the adultery (2 *R. S.*, *Edms. ed.*, 151, § 42 ; *Willard's Eq. Juris.*, 657).

VI. The finding by a referee of an act of adultery, followed by a finding of an-act of voluntary cohabitation condoning the act of adultery, vitiates and neutralizes the act of adultery so found, and bars a conviction.

VII. There can be no " conviction " in an action for divorce on the ground of adultery without a decree or judgment, and there can be no decree or judgment where cohabitation or condonation is established and found.

(*a*) The judgment of January 17, 1872, in the divorce suit, is in favor of Rachel Ann Pitts and against John Pitts, dismissing his complaint and action with costs.

(*b*) " A judgment is the final determination of the rights of the parties in the action " (*Code,* § 245).

VIII. This dower fund of $802 7-100 was created by the decree of partition, entered in this action March 24, 1870, and was the value of Rachel Ann Pitts' contingent inchoate right of dower in the property partitioned and sold, and was secured by the bond and mortgage bearing date July 8. 1870, The report of the referee in the divorce suit bears date October 25, 1871. The judgment upon the report was entered January 17, 1872, in favor of the defendant and against the plaintiff, dismissing the plaintiff's complaint.

So there was no finding by the referee in the divorce suit until some nineteen months after the entry of the decree of partition, and some fifteen months after the bond and mortgage were given securing the value of this dower interest.

IX. Had the referee, in the divorce suit, decided the same in favor of John Pitts, the plaintiff, and against Rachel Ann Pitts, the defendant therein, it would not have availed John Pitts, the appellant, as this dower fund of $802 07 became vested in Rachel Ann Pitts, the respondent, more than a year before the divorce suit was decided.

X. This dower interest having been once vested the same cannot be divested except by the voluntary release of Rachel Ann Pitts, as there was no judgment decree or finding of any referee against her upon any point at or before the vesting of this dower fund in her.

(*a*) It is, therefore, submitted, that in no aspect of the case can the respondent be deprived of her right to this $802 7-100, as it was the value of her then present contingent inchoate right of dower in the distributive share of her husband in the proceeds of the sale of the real estate partitioned and sold under the decree of this court, entered in this action, on March 24, 1870.

XI. The affidavit upon which the motion was founded is not made by the appellant, John Pitts, nor by his attorney

of record, and, therefore, the motion was not properly before the court.

XII. The order appealed from should be affirmed with costs.

INGRAHAM, *P. J.*—We think it was clearly the intent of the legislature by the statutory provisions on the subject of dower, to confine the effect of adultery by the wife in barring her claim for dower to cases in which such adultery is established by a judgment of the court. It may well be doubted whether either of those provisions (5 *N. Y. Stat. at L.*, 335, §§ 8-48), apply to a case which arises after a divorce has been obtained. Section 8 only applies to a case where the divorce is granted for the misconduct of the wife, and section 48 applies to a case where the defendant is convicted of the adultery in a suit for a divorce brought by the husband, neither applies to adultery committed unless the wife is convicted of the offense. If, upon the trial, the plaintiff fails on account of condonation of the offense, there is no conviction. CÓKE says: "If the wife is pardoned before the death of the husband she shall be endowed."

So, also, if she is reconciled to her husband after elopement.

The effect of condonation restores her right to dower even if forfeited by the adultery, and if such fact is found in the divorce suit the previous adultery works no forfeiture.

The order was right, and should be affirmed.

Concurred in by BRADY. *J.*